Council and Perry against Commissioner. Thank you both. We've kept you some time, but it was helpful. Thank you for your attention. Okay, Mr. Miller. Good morning. May it please the court. Scott Miller on behalf of Junell Perry. The ALJ gave his analysis of the opinion of treating psychiatrist Carr halfway down page 23 of the record when he stated, I give little weight to the opinion of Dr. Carr as the sum of the evidence demonstrates that the claimant has greater abilities than those opined. That, in essence, is the entirety of the analysis of that particular exhibit, which was a medical source statement from Dr. Carr. The other opinion evidence from Dr. Carr, page 493 of the record, the ALJ was under the mistaken impression that it was a medical source statement only from a social worker and did not recognize that this was the opinion of Dr. Carr. But the ALJ focused only on a portion of the document and never at any time addressed the statements on page 492 of the record wherein Dr. Carr indicated the claimant had significant anxiety and depression that impairs her ability to function effectively. So, in our view, the ALJ failed to give good reasons, as required by the law, for giving only little weight to the- after treatment, which is, after all, the most relevant one, say that your client was substantially able to work. That is, within the vocational experts, if you're off track more than 15%, you can't. And the earlier statement suggested that they'd be off track for- your client would be off track for more. But the later one, by the treating physician, suggested that he would not. Your Honor, the later one is on a different form, which is used by the commissioner. And on page 493, it contains checkboxes that are really not specific. It says, it gives examples of situations, but under social interaction, Dr. Carr indicated that the claimant was limited, had significant anxiety regarding social situations. But importantly, on the page before of that same document, on page 492 of the record, when asked for the specific medical opinion about work-related mental activities, that's where Dr. Carr wrote that the claimant has significant anxiety that impair her ability to function effectively. And the question posed was work-related mental activities. What is the conclusion that Dr. Carr, in that later document, gives with respect to capacity to work? Your Honor, the form is simply not clear. The quote I just read to you is from the second document, where he's indicating that it impairs her ability to function effectively. So in our view, Dr. Carr was continuing to indicate that the claimant had significant functional limitations. Turning to the question of substantial evidence, the ALJ gave significant weight to the opinion of a Dr. Blackwell, who never examined Perry. Perhaps most importantly, the record is clear that Dr. Blackwell only reviewed six pages of mental health records, which was the consultative examination from Dr. Moore. Dr. Blackwell never had access to the treatment notes from Dr. Carr, either opinion from Dr. Carr, the treatment notes from Dr. Tunick, who was Perry's family doctor, or the medical source statement from Dr. Tunick. So basically, Dr. Blackwell never met the claimant and had access to only six pages of medical records. Okay, and this I'll ask to the other side, too. Let's assume that giving substantial weight to this statement by Dr. Blackwell was error, because Dr. Blackwell did not examine, did not, relied on a very early statement by Dr. Moore, and nothing more, and that giving substantial weight to that was error. The question is, is that error sufficiently futile in view of the later statement by the treating physician so that we do not need to remand to correct that error? That's my... Your Honor, I think that it is certainly not harmless error. The ALJ placed significant weight upon it. The issue in an administrative case is if there is error, is it futile to send it back? This is not a case like an appeal from a district court where we decide what the right result would be, regardless whether we can decide on other ground. In an administrative case, we have to say if there is an error, is sending it back futile, not just because there is sufficient evidence, but because the evidence is so strong that it would come out the same way. That's why I'm focusing on the later statement by Judge Carr and by Warnick. Your Honor, I think that if... Basically, we've got to remember that the ALJ was viewing this exhibit on page 492 as written by a social worker, not by Dr. Carr. In my view, it's not harmless error when the ALJ gives significant weight to an opinion that is simply not supported by substantial evidence. Mr. Miller, have you had this case from the beginning? I have, Your Honor. That would be... When did it begin? How many years ago? I'm curious, because these records go through four or five levels of review. We are the final, de facto the final, fourth or fifth. It appears to have begun in late 2011, Your Honor. 2011. So this is not on the record, of course, in the record, but what's your client's situation now? She's been waiting to hopefully receive these benefits over six years, is that right? No, not exactly, Your Honor. In fact, about two weeks ago, I won her case on a new application. So she's been found disabled by the commissioner commencing on the January 23rd, 2014. 2014. So we're dealing with the question of disability during the period between 2011 and 2014, basically. That's exactly right, Your Honor. She's on disability now. About two weeks ago, yes. Retroactive payments, in other words. Correct, Your Honor, but not during the period at issue. And the other point I wanted to make is that even if, as has been suggested, the later opinion of Dr. Carr suggested possible improvement, what about the prior period? Before the improvement, the ALJ should have, even if improvement occurred, still should have awarded disability for the prior period. Thank you. Okay, thank you, Your Honor. Thanks very much, Mr. Miller. We'll hear from the counsel for the agency. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. Hitano Shamsundar on behalf of the Social Security Administration. As Your Honor stated, the question before the Court here is whether substantial evidence supports the administrative law judge's decision. Here, the ALJ had before him a complete record, including treating source opinions from both Dr. Carr, Dr. Tunick, both of whom treated him for his side, excuse me, her for her psychiatric appointments. With due respect, I don't think that's the issue of whether there might have been substantial evidence. One question for me is whether there was error by the ALJ in giving undue weight to Dr. Blackwell's opinion, because if that was error to give that much weight, then even if the ALJ could have come out the same way because there was enough evidence to come out that way, we don't know whether he would have come out that way, and then we have to send it back and ask him to do it. And the fact that there is substantial evidence of it, he could come out that way, doesn't get rid of that error if that is error. So it is wrong to put it in terms of whether there is substantial evidence in an administrative law case. Your Honor, I'd argue two points in response. First, I'd say that this court has routinely found that non-examining consultants such as Dr. Blackwell can be given greater weight than a treating source opinion, whereas here their opinion is supported. If their basis for their judgment is a valid one, then you can give them substantial weight. And then the question is, is that so here, where he relied on Dr. Moore's, on a few pages of a very early statement by Dr. Moore, when there is much evidence later about whether this person was or was not capable. As I understand it, Your Honor, you're suggesting that Dr. Blackwell's opinion was stale, quote-unquote. And I'd argue the question isn't here whether Dr. Blackwell had the full record before him, but whether Dr. Blackwell's opinion is consistent with the record that the ALJ viewed, as this court suggested in Camille. By the way, I'm not suggesting for a moment that some weight might not be given to Dr. Blackwell's. My question is when the ALJ says great weight, that acts as if this is one of the major things, because obviously some weight can be given to it. Well, Your Honor, I think if you look at, compare Dr. Blackwell's opinion to the ALJ did provide here, although the ALJ suggested significant weight to Dr. Blackwell, whose opinion was that Ms. Perry could perform simple work activity, the ALJ found more severe limitations on top of what Dr. Blackwell provided, and limited Ms. Perry in her ability to deal with stress, limited her in her interactions with others in the office, limited her in a non-supervisory position. I'd suggest that although the ALJ gave significant weight to Dr. Blackwell, the ALJ formulated his RFC by relying also on Dr. Carr's later opinion, also on Dr. Moore's assessment, also on the treating source notes from Dr. Carr, Dr. Tunick, social worker Warnick, and it was not just the ALJ relying solely on Dr. Blackwell here. And as such, there would be no error because this is not the ALJ simply taking Dr. Blackwell's assessment and using that as the RFC finding. And moving on to Dr. Carr's two opinions, Ms. Perry argues that the ALJ should have adopted Dr. Carr's latter opinion with regard to her significant anxiety limitations. I'd contend that the ALJ did, in fact, assess and properly include those limitations in his RFC finding by limiting Ms. Perry to both a simple work-related stress . . . was not that clear about her capacity to work. Because the ALJ treated it as if the later view of Dr. Carr, the treating physician, was that at least at that time, she was able to work. And if that is there, it's true that he had to decide about before, but then looking at a statement by another Dr. Blackwell that she could work before would make more sense. Your Honor, I'd say that Dr. Carr's May 2013 statement is clear about Ms. Perry's limitations and her ability to work. Dr. Carr responded that Ms. Perry had no limitation with regard to her ability to understand and remember, sustain concentration and persistence, and adapt in the workplace here. Although Dr. Carr did not provide an assessment as to her ability to work, per se, any such assessment regarding her ability to work wouldn't do any significant weight by the ALJ, as that is a decision to be made by the ALJ based on the review of the evidence as a whole. Furthermore, Dr. Carr's latter opinion is consistent with the entirety of his treatment notes, as well as Dr. Tunick's treatment notes, which routinely showed that Ms. Perry had linear and goal-directed thought processes. She was able to attend and maintain focus and attention. She had unimpaired memory. She was cooperative. She was also able to, at the time, take care of a two-year-old child, which I can safely say is a pretty stressful situation, having now a child of my own at home. Ms. Perry is also a high school graduate, and she's taken college courses. And the entirety of the record supports that she is able to perform some simple, gainful work activity with limitations as to her interactions with others, as well as her dealing with stressful situations, Your Honor. Thank you. Thank you, Your Honor. Thank you, Your Honor. The commissioners argued in its responsive brief that the non-examining physician, Dr. Blackwell, does not need to have reviewed every page of the record and cited some cases. And I concede that point. If Dr. Blackwell had reviewed 80% of the treatment records, along with the opinions of the other doctors, then perhaps the ALJ could have reasonably given significant weight to that opinion. But in this case, six pages from one report from Dr. Moore is not enough that any reasonable fact finder could give significant weight to that opinion. This is not even close. In many cases, they review many of the records, and that's a different situation. The opinion of Dr. Blackwell was not just stale. It was almost completely uninformed. Dr. Blackwell never saw any of these other treatment records. I would also argue that the ALJ cherry-picked the opinions of Dr. Moore and Dr. Tunick and Dr. Carr, crediting only those portions supporting work capacity and either failing to analyze or discrediting those suggesting disability. Thank you, Your Honor. Thanks very much, Mr. Blackwell. We'll reserve decision, and we thank you very much. Well argued by both sides.